IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
CIVIL DIVISION

RECEIVED
2010 JUL -1  P 3: 53
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Plaintiff:
**Charles Nu Ausar-El**
   (Authorized representative for Charles S. Small, Jr.)
   306 Curlee Way
   Wetumpka, AL 36092-7447

v.

Civil Action No: 2:10-CV-569-MHT
**DEMAND FOR JURY TRIAL**

Defendant:
**BAC (Bank of America) Home Loans Servicing, LP**
   Sirote and Permutt PC
   P.O. Box 55727
   Birmingham, AL 35255-5727

COMPLAINT

The Defendant, through a non-judicial procedure, has allegedly foreclosed, sold and now demands possession of the Plaintiff's property located at 306 Curlee Way, Wetumpka, AL 36092-7447. The Plaintiff asserts that the Defendant violated the Fair Debt Collection Practices Act, Uniform Commercial Code, Contract Law (UCC § 2-302) and the Code of Alabama when the Defendant allegedly foreclosed and sold the Plaintiff's property even after the Plaintiff challenged the presumption regarding the validity and existence of the alleged debt. (UCC § 1-206).

1.)The Court has proper Subject matter and Personal jurisdiction on this complaint. The Property is located in Wetumpka Elmore County, AL. The Plaintiff is a resident of Elmore County, AL.

1

The Plaintiff is a Moorish-American and appears before the Court in propia persona and as the Secured Party. The property involve in this dispute is among residents of different states and has a value of more than $75,000.

2.) The Plaintiff is Charles Nu Ausar-El. The Plaintiff currently resides at 306 Curlee Way, Wetumpka, AL 36092-7447. The Plaintiff's former name was CHARLES S SMALL, JR.

3.) The Defendant is BAC (Bank of America) Home Loans Servicing, LP, Sirote and Permutt PC (Defendant's agent), P.O. Box 55727, Birmingham, AL 35255-5727

4.) The Plaintiff is filing this suit in order to have a.) an injunction issued against the Defendant's demand for possession, b.) the alleged sale of the Plaintiff's property rescinded c.) the alleged debt verified in accordance with UCC § 3-501, UCC § 3-309. The Defendant, through a non-judicial procedure, has allegedly foreclosed, sold and now demands possession of the Plaintiff's property located at 306 Curlee Way, Wetumpka, AL 36092-7447. The Plaintiff exercised due diligence in written communication and requested verification of the alleged debt. The Defendant failed to verify the alleged debt secured by the above mentioned property in accordance with 15 USC 1692g § 809, UCC § 3-501 and UCC § 3-309. The Plaintiff cites in its entirety by reference the opinion and order of United States District Judge Christopher A. Boyko for the Northern District of Ohio Eastern Division dated October 31, 2007. In that instance, the Plaintiff-Lender's (Deutsche Bank) foreclosures cases were all dismissed without prejudice because the Plaintiff-Lender failed to demonstrate through their filings to the Court's satisfaction that they were the "holder and owner of the Note and Mortgage." The Plaintiff also cites HSBC Bank USA, N.A. v. Valentin, 21 Misc. 3D 1124(A), 2008 WL 4764816 (Table) (N.Y. Sup.)

November 3, 2008. In Valentin, the New York court found that, even though given an opportunity to, HSBC did not show the ownership of debt and mortgage. The complaint was dismissed with prejudice and the "notice of pendency" against the property was cancelled. U.S. Bankruptcy Judge Samuel L. Bufford in Los Angeles issued a notice February 2008 warning plaintiffs in foreclosure cases to bring the mortgage notes to court and not submit copies. ``This requirement will apply because developments in the secondary market for mortgages and other security interests cause the court to lack confidence that presenting a copy of a promissory note is sufficient to show that movant has a right to enforce the note or that it qualifies as a real party in interest". In the present case, the Defendant responded with unsworn copies of computer printouts and other documents to the Plaintiff's request for alleged debt validation. The Defendant was advised in writing well before the date of the foreclosure that unsworn copies of documents would be unacceptable for verification as suggested by 15 USC 1692g § 809 Section 4, "…a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector…" Verification is defined as, "a statement attesting to the truth, correctness, or authenticity of the things avowed in a written statement; an affidavit attached to a written statement affirming its truthfulness" Webster New World Dictionary Copyright © 2010 by Wiley Publishing, Inc., Hoboken, New Jersey.  In re Spears versus Brennan, the Indiana appeals court determined, "Brennan (plaintiff collection agency attorney) violated 15 U.S.C. § 1692g(b) when he obtained a default judgment against Spears (defendant) after Spears had notified Brennan in writing that the debt was being disputed and before Brennan had mailed verification of the debt to Spears." Similarly, the Defendant

3

continued foreclosure activities, even though he was informed that unsworn photocopies would be unacceptable to validate the alleged debt. Verification of the debt constitutes legal evidence as defined by Code of Alabama Section 6-6-567. Exploiting a non-judicial procedure for the purpose of evading the legal obligation to produce verifiable, sworn legal evidence of the existence of an alleged debt constitutes fraud and any contract or any derivatives of said contract which are based upon such activity must be considered unconscionable (UCC § 2-302) and fraudulent Title 8 of the Code of Alabama Article 8 Fraud, Misrepresentation and Deceit Section 6-5-102 "Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Section 6-5-104 (b) A deceit within the meaning of this section is (3) "The suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact."

5.) The Specific Facts of the Case are as follows:

a.) Plaintiff received NOTICE OF ACCELERATION OF PROMISSORY NOTE AND MORTGAGE from the Defendant's Agent dated May 20, 2010.

b.) Plaintiff replied to Defendant Agent's notice with RESPONDENT'S PRIVATE, INTERNATIONAL, ADMINISTRATIVE REMEDY DEMAND NO. CNAE-05262010-VOD dated May 26, 2010. Note, the Plaintiff clearly and repeatedly requested legal detailed verification of the alleged debt on pages 3,6-9 and 12-14.

4

c.) Defendant Agent's communication dated June 11, 2010 which responds to Plaintiff's May 26, 2010 communication did not mention the verification and/or validation of the alleged debt as clearly set forth in Defendant Agent's May 20, 2010 communication to the Plaintiff. Rather, the Defendant Agent provided unsworn photocopies of the promissory note, mortgage and assignment, and payment history. Furthermore, the Defendant Agent's communication failed to address the Plaintiff's RESPONDENT'S PRIVATE, INTERNATIONAL, ADMINISTRATIVE REMEDY DEMAND NO. CNAE-05262010-VOD. The Defendant Agent suggested the Plaintiff contact BAC Loss Mitigation Department.

d.) Plaintiff received communication from Defendant dated May 28, 2010. The communication was issued from Bank of America, Home Loans, P.O. Box 10222, Van Nuys, CA 91410-0222. Yet, the envelope containing the communication was Presorted First Class dated June 8, 2010.

e.) Plaintiff sent communication to Defendant dated June 15, 2010 entitled UNSATISFACTORY RESPONSE TO VALIDATION OF DEBT (15 USC 1692§809) BY ALLEGED AUTHORIZED REPRESENTATIVE (DEBT COLLECTOR). Enclosed with the communication was the Plaintiff's UCC filing establishing him as the Secured Party, Copyright Notice and the Private, International, Administrative Remedy Demand. The communication was sent via USPS Express Mail on June 15, 2010 and was received by the Defendant June 18, 2010.

f.) Plaintiff receives Defendant's Notice of Property Sale and Demand for Possession dated June 29, 2010.

6. Plaintiff seeks the following relief from the Court:

   a.) Temporary Restraining Order or Injunction enjoining the Defendant's Demand of Possession.

   b.) Validation and verification of the alleged debt.

   c.) Rescind the alleged sale of the Plaintiff's property

   d.) Repair and restoration to good standing all financial records, credit reports and any other harm caused by the Defendant's actions.

   e.) Enforcement of all rights including right of Redemption.

The Plaintiff's signature "without prejudice UCC § 1-308" means that the Plaintiff reserves his right not to be compelled to perform under any contract or commercial agreement that the Plaintiff did not enter knowingly, voluntarily and intentionally. The Plaintiff do not accept the liability of the compelled benefit of any unrevealed contract or commercial agreement.

_____

*Charles Nu Ausar El* (signature)

Charles Nu Ausar-El  without prejudice UCC § 1-308 (in propia persona)

Authorized representative for CHARLES S SMALL JR

      306 Curlee Way
      Wetumpka, AL 36092-7447
      (h) 334-478-3241
      (c) 240-925-1489